Trust U/W of Carl Hicks White, Deceased, Huston Thompson and Stephen H. Tallman, Trustees, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 92417.    Promulgated October 11, 1939.

*Oscar P. Mast, Esq.*, for the petitioners.
*D. D. Smith, Esq.*, for the respondent.

OPINION.

HILL: Two questions are presented for decision in our redetermination herein—(1) Is the item of $11,420.70 representing expenses incurred in the proceeding to construe the will deductible from gross

income? and (2) Is the item of $17,000 determined by respondent to represent dividends received by petitioners from Sunnyside, Inc., includable in petitioners' income? We shall consider these questions in the order named.

Petitioners claim that the item in question number (1) is deductible under section 23 (a) of the Revenue Act of 1934. That section in material part is as follows:

> In computing net income there shall be allowed as deductions:
>
> (a) EXPENSES.—All of the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

In other words, petitioners contend that the trust was engaged in carrying on business and that the item of $11,420.70 comprised ordinary and necessary expenses paid during the taxable year in carrying on such business. Respondent contends, on the other hand, (a) that the trust was not engaged in carrying on business, and (b) regardless of whether it was so engaged, the payments comprised in the item in question were not ordinary and necessary expenses paid or incurred in carrying on a trade or business.

A trust whose trustees are invested merely with the power and duty to hold the trust estate and to invest and reinvest the same, collect the income therefrom, and distribute it to the beneficiaries under the trust, is not engaged in carrying on business. *City Bank Farmers Trust Co., Trustee,* 39 B. T. A. 29; *George Vanderbilt Trust,* 36 B. T. A. 967; *Dorr* v. *United States* (Dist. Ct., Dist. Mass.), 18 Fed. Supp. 92.

On the other hand it is held that "a person of property, who devotes his time to the active management of it and also to active participation in the management of the companies in which his property is invested, and who maintains an office for that purpose where he spends a substantial part of his time, is carrying on business within the meaning of this statute. * * * The line comes between those who take the position of passive investors, doing only what is necessary from an investment point of view, and those who associate themselves actively in the enterprises in which they are financially interested and devote a substantial part of their time to that work as a matter of business." *Foss* v. *Commissioner,* 75 Fed. (2d) 326. See also *Washburn* v. *Commissioner,* 51 Fed. (2d) 949; *Kales* v. *Commissioner,* 101 Fed. (2d) 35.

If in the light of the cited decisions it be held that the trust was engaged in carrying on business, that business consisted of the activities of the trust through its trustees in the management and control of the trust properties and their participation in the management of

the corporations in which the trust had investments. In order, therefore, to render the claimed deduction allowable it must appear that it represented ordinary and necessary expenses paid or incurred in connection with such management and control. In our opinion no such relationship has been shown. The proceeding to construe the will did not involve the question of the powers and duties of the trustees with reference to how the trust estate should be managed and controlled, but involved only questions of the relative rights of the beneficiaries under the trust and the legatees under the will of decedent. The construction of the will was sought as a guide to the trustees in properly interpreting the provisions of the will directing distribution of specific legacies and in allocating the distributable income of the trust property among the various beneficiaries under the trust. The expenses for which the deduction is claimed were incurred and paid not in the management and control of the trust estate but in a proceeding for a judicial determination of the rights of the various legatees under the will and of the beneficiaries of the trust. The only persons financially interested in the proceeding were such legatees and beneficiaries. It was their rights that were thus determined. They were the real parties in interest in the proceeding. The trust in no way benefited therefrom and the cost of such proceeding was not properly chargeable to the income of the trust. We hold, therefore, that the expenses for which deduction is claimed were not paid or incurred by the trust as ordinary and necessary expenses in carrying on a trade or business and hence are not deductible.

For the purpose of our consideration of this point we have assumed that the trust was engaged in carrying on business. In view of our conclusion that the claimed deduction is not allowable regardless of whether the trust was so engaged, it is unnecessary to determine whether the trust was in fact engaged in carrying on a trade or business.

The second question for our consideration is whether the item of $17,000 determined by respondent to represent dividends received by petitioners from Sunnyside, Inc., is includable in petitioners' income for tax purposes. The petitioners contend that the item is not so includable, for the assigned reason that it represents identical moneys which Sunnyside, Inc., received as dividends from the Health Products Corporation and is therefore income of Sunnyside, Inc., and not income of petitioners. Petitioners further argue that, since those dividends have been taxed to Sunnyside, Inc., it would be inequitable to include $17,000 of the amount of said dividends in petitioners' income for tax purposes. The respondent's reply to this argument is that the dividends so received by Sunnyside, Inc., were properly included in its income for tax purposes, and that the $17,000 in question was received by petitioners from Sunnyside, Inc., and constituted

dividends from that corporation and is, therefore, includable in petitioners' income for tax purposes. We agree with respondent's contention. The fact that the source of the money received by petitioners as dividends from Sunnyside, Inc., was the dividends to that corporation from the Health Products Corporation does not alter the fact that it was taxable income to petitioners. Nor does the fact that Sunnyside, Inc., paid taxes on the income out of which it paid dividends to petitioners render such dividends nontaxable income to petitioners.

In determining the deficiency herein respondent determined that petitioners received in the taxable year $17,000 of dividends on stock in Sunnyside, Inc. His determination is *prima facie* correct. There is no evidence in the record and none was offered to the effect that the trust herein did not receive as stockholder of Sunnyside, Inc., in the taxable year the $17,000 in question or that it was not so received as dividends. We, therefore, agree with respondent's contention on this point and hold that the item of $17,000 is properly included in petitioners' income for tax purposes.

Reviewed by the Board.

*Decision will be entered for respondent.*